# IN THE COURT OF APPEALS OF IOWA

No. 18-0486
Filed June 6, 2018

**IN THE INTEREST OF E.B.,**
**Minor Child,**

**J.R., Father,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.


　　A father appeals the termination of his parental rights to his child.
**AFFIRMED.**


　　Martha L. Cox, Bettendorf, for appellant father.

　　Thomas J. Miller, Attorney General, and Charles K. Phillips, Assistant Attorney General, for appellee State.

　　Marsha J. Arnold, Davenport, guardian ad litem for minor child.


　　Considered by Danilson, C.J., and Mullins and McDonald, JJ. Tabor, J., takes no part.

**MULLINS, Judge.**

A father appeals the termination of his parental rights to his child.[1] He challenges the grounds for termination of his parental rights and contends the juvenile court erred in refusing to consider his motion to modify placement prior to termination.[2]

The parents of the child in interest have a history of founded abuse reports, domestic violence, and anger-management and mental-health issues. The Iowa Department of Human services has been providing services to these parents since 2015 in relation to a number of their children. The child in interest was born in January 2017. At the time of the child's birth, the State had previously petitioned to terminate the mother's parental rights as to two of the child's siblings.[3] Two

---

[1] Regular readers of the opinions of this court will notice striking similarities between the legal analysis contained in this opinion and that contained in another being filed simultaneously. *Cf. In re C.R.*, No. 18-0592, 2018 WL _____ (Iowa Ct. App. June 6, 2018). This is because these cases share the same appellant who forwards the same— largely verbatim—arguments in the separate cases. Although the factual and procedural histories of the separate cases vary, albeit minimally, and we limit our analysis of each case to its record alone, the legal principles employed still apply equally to each case.

[2] As he did in a separate appeal concerning termination of his parental rights to another of his children, the father also contends the juvenile court "erred when it did not consider the evidence for purposes of a permanency hearing and only a termination of parental rights hearing, therefore waiving the father's right to request six more months to reunify with his child." As we do in the other appeal, we find no merit in the father's argument that the juvenile court's decision to conduct the termination hearing prior to a permanency hearing effectually foreclosed his right to request a six-month extension, as such a request may be made in a termination hearing and in fact was made by the father at the termination hearing in this case. *See* Iowa Code § 232.117(5) (2017) (providing if, following a termination hearing, the court does not terminate parental rights but finds there is clear and convincing evidence that the child is a child in need of assistance, the court may enter an order in accordance with section 232.104(2)(b)); *see also id.* § 232.104(2)(b) (affording the juvenile court the option to continue placement of a child for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period").

[3] The mother's parental rights to the two siblings were terminated later that month. The appellant, J.R., is the biological father of one of these children, and his parental rights to that child were also terminated. The father also consented to the termination of his parental rights as to two of his other children in March 2017.

days after the child's birth, the mother executed a voluntary placement agreement placing the child in foster care with her siblings. In March, the juvenile court adjudicated the child to be a child in need of assistance and continued the foster-care placement.[4] Following a dispositional hearing in April, the court again continued the foster-care placement. The child has been in the same foster-to-adopt home all of her life and is bonded with her foster parents.

Beginning in April, the father was allowed visitation with the child three times per week. In May, the father was arrested on a charge of domestic abuse assault with the use or display of a weapon. Between the commencement of visitation and the father's arrest, he only attended three visitations with the child. The father made no attempts to contact the child after the commencement of his incarceration. At the time of the termination hearing in February 2018, the father was still incarcerated. The father testified his discharge date was to be in November 2018, but he expected to be paroled in April. However, another witness testified the father is to remain incarcerated until October 2019. This is the father's fourth term of imprisonment since 2009.

In June 2017, the State filed a petition to terminate the parental rights of both parents. On December 20, the father filed a motion to "modify disposition and/or modify placement." In his motion, the father stated his mother and her husband are licensed foster parents and requested that the child be placed with them. A hearing was scheduled to consider the termination petition, permanency, and the father's modification motion. At the commencement of the hearing in

---

[4] At the time of the adjudicatory order, the father was one of two putative fathers. Paternity testing in late March identified him as the child's biological father.

February 2018, the juvenile court noted its intention to begin with the termination issue, noting the outcome on that issue would impact whether a permanency hearing and consideration of the father's modification motion would be necessary.

The court ultimately terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(e), (g), and (h). The father filed a motion to reconsider, enlarge, or amend requesting the court to allow him an additional six months toward reunification and to grant his motion to modify placement. The juvenile court denied the motion, and the father appealed.[5]

Appellate review of termination-of-parental-rights proceedings is de novo. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018) (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). Our primary consideration is the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

First, the father challenges the grounds for termination of his parental rights under section 232.116(1)(e), (g), and (h). "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

As to paragraph (h), the father does not challenge the sufficiency of the evidence, argue termination is not in the best interests of the child, or contend a statutory exception should be applied to preclude termination. *See* Iowa Code § 232.116(1)–(3). He only argues he was denied due process when the juvenile court held a combined termination and permanency hearing and the circumstances

---

[5] The mother's parental rights were also terminated. She does not appeal.

render termination under paragraph (h) inappropriate. He states his argument as follows:

> [W]hen any Termination of Parental Rights Hearing is combined with a Permanency Hearing, it renders the request for six more months to reunify, as permitted by Iowa Code Section 232.104(2)(b), meaningless because, if the child cannot be returned to the parent's custody that day, a ground for termination of parental rights exists. In order to afford parents the right to request more time to reunify, as permitted by Iowa Code Section 232.104(2)(b), Permanency hearings cannot be combined with Termination of Parental Rights Hearings. Combining such hearings violates a parent's right to due process of law.
>     Therefore, the district court erred when it terminated the father's parental rights pursuant to Iowa Code Section 232.116[(1)](h) because he was not afforded due process of law.

However, this due process argument was neither raised in, nor decided by, the juvenile court. The argument is therefore not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decided them on appeal."); *State v. Mulvany*, 600 N.W.2d 291, 293 (Iowa 1999) ("[W]e require error preservation even on constitutional issues."). Furthermore, the father has failed to provide us with any legal authority to support his position. Therefore, we alternatively deem the argument waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *Ingraham v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume.").

Because the father's challenge to termination under paragraph (h) is both waived and not preserved and the father does not challenge the sufficiency of the evidence, argue termination is not in the best interests of the child, or contend a statutory exception should be applied to preclude termination, we affirm the termination of his parental rights pursuant to section 232.116(1)(h), the grounds for which we find supported by clear and convincing evidence. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (indicating that if a party does not challenge a particular step in the three-step termination framework, appellate courts need not address the issue).

Next, the father contends the juvenile court erred in refusing to consider his motion to modify placement prior to termination. He argues placing the child with his mother, a relative, is less restrictive than continuing the placement of the child in her foster-to-adopt home, where she has resided all of her life.

We acknowledge that "chapter 232 favors relative placements over nonrelative placements." *In re N.M.*, 528 N.W.2d 94, 97 (Iowa 1995). Had the father moved for modification of placement earlier in the case, he would be in a better position to argue on appeal that the juvenile court was required to consider the motion prior to termination. Here, however, the father did not move to modify placement until roughly six months after the initiation of termination proceedings and less than two months before the termination hearing. At the termination hearing, after the father's counsel requested the court to "start with the permanency" issue, the juvenile court noted its intention to receive evidence on the termination issue, noting the outcome on that issue would impact whether a permanency hearing and consideration of the father's modification motion would

be necessary. The court made the necessary findings for termination and thereafter denied the father's post-hearing motion to reconsider the modification motion.

We find the juvenile court's decision to reserve ruling on the modification motion pending termination was not inappropriate. *See In re D.S.*, 806 N.W.2d 458, 472 (Iowa Ct. App. 2011) (concluding juvenile court acted appropriately in declining to address placement issue until after termination hearing where issue of placement was not raised until well after removal and after termination proceedings had been initiated). Furthermore, "[w]hen a court terminates parental rights, there is no statutory preference for placement with a relative." *A.S.*, 906 N.W.2d at 477.

We affirm the juvenile court.

**AFFIRMED.**